# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-35-TLS |
| | ) | |
| GREGG BAUSERMAN, II, | ) | |
| VICTOR BOYER, | ) | |
| ANDREW WOOD, | ) | |
| JUSTIN RICHARDSON, | ) | |
| DREW CAGNET, and KEITH PERKINS | ) | |

## OPINION AND ORDER

The Government has charged the Defendants with armed bank robbery, 18 U.S.C. § 2113(a) and (d), and aiding and abetting, 18 U.S.C. § 2 (Count 1). Four of the Defendants are also charged with use and carry and brandish and discharge of a firearm during and in relation to a crime of violence, 18 U.S.C. § 924(c), and aiding and abetting, 18 U.S.C. § 2 (Count 2) [ECF Nos. 49, 92]. Count 1 serves as the underlying offense for Count 2.

Pursuant to Federal Rule of Criminal Procedure 12, this matter is before the Court on Defendant Victor Boyer's Motion to Dismiss Count 2 of the Indictment [ECF No. 170], filed on August 6, 2015. On March 9, 2015, Boyer pled guilty to both counts without a plea agreement, and is awaiting sentencing [ECF No. 109]. Codefendants Gregg Bauserman, II and Keith Perkins are awaiting trial on Counts 1 and 2 in the Superseding Indictment [ECF No. 92], but have sought to join Boyer's motion [ECF Nos. 190, 193]. Bauserman's and Perkins's motions adopt and incorporate the arguments presented in Boyer's motion, without raising any additional arguments.

The moving Defendants argue that Count 1 categorically fails to qualify as a crime of

violence within the meaning of 18 U.S.C. § 924(c)(3)(A). Additionally, they contend that the residual clause of § 924(c)(3)(B) cannot be relied upon because it is unconstitutionally vague under the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). Therefore, Count 2 does not state an offense and must be dismissed.

## STANDARD OF REVIEW

To be sufficient, an indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). It must also cite to the applicable statute. *Id.* The Seventh Circuit has stated that an indictment "must fulfill three distinct functions. First, the indictment must state all of the elements of the crime charged; second, it must adequately apprise the defendant of the nature of the charges so that he may prepare a defense; and third, it must allow the defendant to plead the judgment as a bar to any future prosecutions for the same offense." *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000).

A defendant may allege that an indictment is defective for "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements and that he suffered prejudice from the alleged deficiency." *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Dooley*, 578 F.3d 582, 589–90 (7th Cir.

2

2009)). Ultimately, the question on a motion to dismiss is not whether the indictment alleges

sufficient facts from which a jury could find guilt, but rather whether the government

conceivably could produce such evidence at trial. *United States v. Castor*, 558 F.2d 379, 384 (7th

Cir. 1977).


## ANALYSIS

### A.    Relevant Statutes

#### 1.    *Bank Robbery*

According to the federal bank robbery statute:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take,
> from the person or presence of another, or obtains or attempts to obtain by
> extortion any property or money or any other thing of value belonging to, or in the
> care, custody, control, management, or possession of, any bank, credit union, or
> any savings and loan association

shall be punished for bank robbery. 18 U.S.C. § 2113(a). Subsection (d) addresses armed bank

robbery, and sets forth the punishment for any person who "in committing, or in attempting to

commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or

puts in jeopardy the life of any person by the use of a dangerous weapon or device." *Id.*

§ 2113(d).


#### 2.    *Firearm Statute*

Section 924(c) requires the imposition of one of a series of mandatory minimum terms of

imprisonment upon conviction for misconduct involving a firearm and the commission of a

federal crime of violence or a federal drug trafficking crime. As it relates to this case, to sustain a

conviction under 18 U.S.C. § 924(c), the Government will be required to prove that (1) during and in relation to a "crime of violence"; (2) the Defendants used or carried a firearm, or possessed a firearm in furtherance of the "crime of violence." Section 924(c)(3) defines a "crime of violence" as "an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Section 924(c)(3)(A) is referred to as the "force clause," while § 924(c)(3)(B) is called the "residual clause."

### B.      Categorical Approach

The Defendants argue that the Court must apply a categorical approach to decide whether the charged robberies can be predicate offenses for a § 924(c) offense. The categorical approach mandates consideration of the elements of an offense without reliance on the particular facts underlying the elements of the conviction. *Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013); *Taylor v. United States*, 495 U.S. 575 (1990). The Defendants claim that, under the categorical approach, the Court must acknowledge that it is possible for the charged crime to be committed through intimidation. They assert that this mode of commission does not require the use, attempted use, or threatened use of violent physical force, and therefore does not satisfy the force clause.[1]

---

[1] The motions to dismiss focus on bank robbery under § 2113(a), and present limited discussion of armed bank robbery under § 2113(d), which is mentioned in the Indictment (Boyer) and the Superseding Indictment (Bauserman and Perkins). The § 2113(d) charge is only addressed in the response brief, where the Government summarizes the factual basis for Boyer's plea and poses a series of rhetorical questions.

The Government responds that because the federal bank robbery statute is divisible, the "modified categorical" approach is appropriate. This approach is employed when a statute provides for alternative means of committing an offense, some violent and some not. Courts may then consult certain materials to determine which version of the statute was implicated. *Descamps*, 133 S. Ct. at 2283–84 ("[T]he modified approach serves a limited function: It helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction."). The Government would look to the Indictment and Superseding Indictment to show that the Defendants are charged with offenses that involve, as an element of the offense, the attempted use of violent physical force or the threat of violent physical force. The Government contends that even if the modified categorical approach is not employed, the statute at issue would qualify as a crime of violence under the force clause. The Government's Response also addresses the Defendants' constitutional arguments with respect to the residual clause.

Although the Defendants' Reply argues that § 2113(a) is not divisible and the modified categorical approach is thus inappropriate, and reiterates that bank robbery is not a crime of violence because it can be accomplished by intimidation, the parties' briefing does not address whether 18 U.S.C. § 924(c) should be interpreted to require application of the categorical approach. Instead, the parties have assumed that the categorical approach would apply. This assumption was also made in a separate pending matter, *United States v. Church*, No. 1:15-CR-42 (N.D. Ind. Dec. 1, 2015), where this Court issued an opinion and order on a motion to dismiss charges under § 924(c). In *Church*, the predicate offenses are a Hobbs Act robbery, 18 U.S.C. § 1951(a) and (d), and armed bank robbery, 18 U.S.C. § 2113(a) and (d). *Church*, 2015 WL

7738032, at *1.

In *Church*, this Court relies upon *United States v. Standberry*, — F. Supp. 3d —, No. 3:15CR102-HEH, 2015 WL 5920008 (E.D. Va. Oct. 9, 2015), to set forth a view regarding whether the categorical approach even applies to a § 924(c) offense. *Church*, 2015 WL 7738032, at *3 & n.2. For the reasons stated in *United States v. Church*, No. 1:15-CR-42, 2015 WL 7738032, at *3 & n.2, 4–6 (N.D. Ind. Dec. 1, 2015), the Court is inclined to find that the Indictment and Superseding Indictment adequately state a claim under 18 U.S.C. § 924(c), and that they do not implicate Constitutional concerns. However, because the Court has questioned an assumption made by both parties, and does not have the benefit of the parties' analysis on the issue raised in this Opinion, the Court will invite further briefing before issuing a ruling on the pending motions to dismiss. The supplemental briefing should address whether 18 U.S.C. § 924(c) should be interpreted to require application of the categorical approach that the Supreme Court developed for purposes of applying the Armed Career Criminal Act. At least one other court in this Circuit has issued an opinion addressing a question similar to the one presented by the Defendants' motions to dismiss. See *United States v. Mitchell*, No. 15-CR-47, 2015 WL 7283132 (E.D. Wis. Nov. 17, 2015). In *Mitchell*, the court presented no analysis as to why the categorical approach or the modified categorical approach should apply to § 924(c).

## CONCLUSION

For the reasons stated above, the Court WITHHOLDS RULING on the Motions to Dismiss Count 2 [ECF Nos. 170, 190, 193], filed by Defendants Boyer, Bauserman, and Perkins. The Defendants are granted until January 13, 2016, to file a supplemental brief. The Government

is granted until February 10, 2016, to file its supplemental brief.

SO ORDERED on December 7, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

7