UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:14-CR-35-HAB |
| | ) | |
| VICTOR BOYER | ) | |

**OPINION AND ORDER**

Defendant was part of a violent, armed bank robbery. He now moves for a sentence reduction under the compassionate release statute, arguing that changes in the law, COVID-era prison conditions, and his rehabilitation are "extraordinary and compelling reasons" that shave three and a half years off his sentence. The Government objects to the request. Defendant's motion is now fully briefed (ECF No. 477, 482, 486) and ready for ruling.

**I.   Defendant's Offense**

In September 2014, Defendant was part of a two-man bank robbery in Harlan, Indiana. Defendant held the gun, approaching tellers and ordering them to fill a backpack with money lest they "die today." After getting cash from tellers at the counter and drive-thru (the vault had been closed and locked), Defendant and his accomplice tried to flee, only to find the front doors of the bank locked. Undeterred, Defendant shot the glass out of the doors, frightening a pair of elderly customers then approaching the bank. Defendant and his accomplice were almost immediately captured by law enforcement.

Defendant was indicted on two counts: Armed Bank Robbery in violation of 18 U.S.C. § 2113 and Use of a Firearm During and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c). He pleaded guilty to both counts. Judge Springmann sentenced Defendant to 37 months'

imprisonment on the bank robbery count and an additional, consecutive, statutory-mandatory-minimum 120 months' imprisonment on the firearm count.

## II. Legal Analysis

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

Because Defendant, not the Director of the BOP, filed the motion, Defendant must first show that he has satisfied the statutory exhaustion requirement. The Government concedes that Defendant has properly exhausted his remedies. (ECF No. 482 at 2).

### A. *Intervening Change in the Law*

For his first claim of an extraordinary and compelling reason, Defendant points to the United States Supreme Court's decision in *Dean v. United States*, 581 U.S. 62 (2017). There, the Supreme Court held that a sentencing court could consider the statutory mandatory minimums in 18 U.S.C. § 924(c) when calculating a total sentence and vary downward on the predicate violent

2

crime. In Defendant's case, that meant Judge Springmann could have sentenced him to 120 months on the firearm count and a consecutive one day on the bank robbery count. Because Judge Springmann lamented her inability to impose a lesser sentence pre-*Dean*[1], Defendant asserts that this Court should exercise its discretion post-*Dean* to fix the sentencing error.

The primary dispute is whether the Court *can* consider *Dean* in determining whether extraordinary and compelling reasons exist for compassionate release. The Government says no, citing the Seventh Circuit's opinion in *United States v. Brock*, 139 F.4th 462 (7th Cir. 2022), holding that "[j]udicial decisions, whether characterized as announcing new law or otherwise, cannot alone amount to an extraordinary and compelling circumstance allowing for a sentence reduction." Defendant claims that *Brock* was overruled by *Concepcion v. United States*, 142 S. Ct. 2389 (2022)[2], and there is no legal obstacle to this Court considering *Dean* when ruling on his motion.

The case law debate has been mooted by the passage of time. On November 1, 2023, long-adopted amendments to U.S.S.G. § 1B1.13 went into effect. Relevant here, the Guideline states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling

---

[1] The Government doesn't challenge Defendant's description of Judge Springmann's sentencing statements. Although the Court has no evidence to support Defendant's description, it will assume the description is accurate.

[2] The Court disagrees that *Concepcion* expressly overruled *Brock* and similar Seventh Circuit holdings. In *Concepcion*, the defendant moved for a sentence reduction under § 404 of the First Step Act, which explicitly made retroactive the sentencing changes from the Fair Sentencing Act of 2010 and allowed defendants sentenced before the Fair Sentencing Act to move for a sentence reduction. The defendant's motion for sentence reduction was made directly under § 404, and not under § 3582(c)(1)(A), so that case does not discuss extraordinary and compelling reasons. In *Concepcion*, all parties agreed that the defendant was eligible for a sentence modification under § 404; the question for the Supreme Court was whether, in calculating the modification, the district court could also consider non-retroactive changes to the career offender enhancement. (The enhancement applied to Concepcion at the time of his original sentencing but would not apply if sentenced today. 142 S. Ct. at 2397–98.) The Supreme Court held that the district court could consider intervening changes in law or fact in exercising its discretion to reduce a sentence under § 404, because the only limit on a district court's sentencing discretion is an explicit statement by Congress or the Constitution, and the First Step Act "does not so much as hint that district courts are prohibited from considering evidence of rehabilitation, disciplinary infractions, or unrelated Guidelines changes." *Id*. at 2401. *Concepcion* does not opine on what district courts may consider when assessing extraordinary and compelling reasons under § 3582(c)(1)(A).

> reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). An individual hoping to benefit from an intervening change in the law *must* meet the requirements of subsection (b)(6), because the Guideline adds that "[e]xcept as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." *Id*. at (c).

The problem for Defendant is that he does not meet the requirements of (b)(6). Defendant was arrested on September 13, 2014. Assuming, as the Court does, that he has been continuously held since then, he will not have served the required "10 years of the term of imprisonment" until September of next year. At least for Defendant, and at least for now, neither *Dean* nor any other changes in the law can constitute an extraordinary or compelling reason for compassionate release, nor can it "be considered for purposes of determining whether an extraordinary and compelling reasons exists."

**B.**   ***COVID-19***

Courts in this Circuit were once forced to go through an extended analysis when COVID-19 was raised as the extraordinary and compelling reason. That analysis is no longer necessary. More than two years ago, the Seventh Circuit all but eliminated COVID-19 as a basis for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021), the court stated:

> Section 3582(c)(1)(A) was enacted and amended before the SARS-CoV-2 pandemic, and it will continue to serve a beneficent function long after the pandemic ends. But for the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order. A prisoner who can show that he is unable

4

>to receive or benefit from a vaccine still may turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an "extraordinary and compelling" reason for immediate release.

*Id*.

Vaccination is available to Defendant: as of today, 577 inmates at FCI Englewood have been fully vaccinated.[3] COVID-19, then, cannot provide Defendant with the relief he seeks. This is true whether Defendant characterizes the argument as simply COVID-19, the BOP's pandemic plan, or the BOP's inadequate medical care.

The Court concedes that other district courts, in other judicial circuits, have reduced sentences on the theory that time served during COVID-19 was significantly more punitive. (ECF No. 486 at 6-8) (collecting cases). But the Court is unaware of, nor can it find, any similar decisions from this circuit. Even if this theory is not foreclosed by *Broadfield*, this Court is not inclined to strike out in creating a new virus-related avenue for compassionate release.

C.  *Rehabilitation*

Finally, Defendant points to his rehabilitation while incarcerated. He states that he has taken "numerous classes, correspondence courses, and [is] mentoring others." (ECF No. 477 at 6). He also notes his participation in a residential veteran's program and his work in a service dog training program. While the Court has no evidence of any such classes, it will take Defendant's word for it.

But as both Defendant and the Government agree, rehabilitation alone is not an extraordinary or compelling reason for compassionate release. *See* 28 U.S.C. § 994(t). Defendant's efforts at self-improvement are laudable, and will assist him when he is released, but they are not a basis for compassionate release.

---

[3] https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp

**D.**  *Defendant's Reasons, Considered Together, do not Support Compassionate Release*

As discussed above, none of Defendant's arguments are extraordinary or compelling on their own. The Court has considered the reasons together and finds them no more worthy of compassionate release. *United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021) (finding that proposed extraordinary and compelling reasons must be considered cumulatively). Unlike comorbidities, Defendant's proposed reasons do not interact in a synergistic fashion where the whole is greater than the sum of its parts. Instead, the reasons are separate, with none particularly close to meeting the statutory requirements. The Court finds no extraordinary or compelling circumstances supporting release so Defendant's motion must be denied.[4]

**III.    Conclusion**

For these reasons, Defendant's motion for sentence reduction (ECF No. 477) is DENIED. Defendant's motion to compel the Government to file a response to his motion for sentence reduction (ECF No. 483) is DENIED as moot.

SO ORDERED on December 26, 2023.

> s/ *Holly A. Brady*
> JUDGE HOLLY A. BRADY
> UNITED STATES DISTRICT COURT

---

[4] Finding no extraordinary or compelling reasons for release, the Court need not consider the § 3553(a) factors. *United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021).